

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 26, 2015

Jennifer R. Scullion
Member of the Firm
d 212.969.3655
f 212.969.2900
jscullion@proskauer.com
www.proskauer.com

By ECF

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   04cv400; 04cv401; 04cv506; 04cv936; 04cv937; 04cv1085; 04cv2117; 04cv2118

Dear Judge Griesa:

As Your Honor may recall, the Class Plaintiffs in the above actions filed motions last summer for preliminary injunctions to protect their *pari passu* rights (the "Class Pari Passu PI Motions"). Those motions are fully briefed. *E.g. Seijas v. Republic of Argentina*, 04-cv-400, Dkt. Nos. 240-244. In October 2014, however, we agreed with counsel for NML Capital and the other "me too" Plaintiffs that the Class Pari Passu PI Motions should be heard and decided at the same time as the "me too" Plaintiffs' *pari passu* motions. *See* Ex. A (October 8, 2014 ltr. to the Court from Robert Cohen, p. 2 (bracketed language) and Exhibit B to that letter (bracketed language)). We understand that the Court is now receiving briefing on those "me too" motions. We respectfully request that the Court hear and decide the pending Class Pari Passu PI Motions along with the "me too" motions.

Respectfully submitted,

Jennifer R. Scullion

Encl.
cc by ECF:    Counsel of Record

# EXHIBIT A



1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**ROBERT A. COHEN**

robert.cohen@dechert.com
+1 212 698 3501 Direct
+1 212 314 0001 Fax

**BY HAND DELIVERY**

October 8, 2014

The Honorable Thomas P. Griesa
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl St., Room 1630
New York, NY 10007-1312

      Re:    Argentina Litigation – Procedure for Resolving Additional Requests for Pari Passu Relief

Dear Judge Griesa,

We write on behalf of NML Capital and, with their respective counsel's consent, on behalf of the plaintiffs in the 52 actions listed on Exhibit A, which are also pending before Your Honor ("the SDNY Plaintiffs") to, respectfully, inform the Court of the procedure the SDNY Plaintiffs have agreed among themselves to implement in order to bring before the Court applications for pari passu injunctions. It is our hope that the procedure proposed will streamline consideration and determination of these applications, and reduce the burden on the Court.

As Your Honor knows well, pari passu injunctions have been entered in a limited number of actions.[1] Now that the appeals are over, and the injunctions firmly in place, the SDNY Plaintiffs strongly believe it is timely for the Court to afford the same relief to appropriate other parties.

---

[1] *NML Capital, Ltd v. The Republic of Argentina*, 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708; *Aurelius Capital Master Ltd., et al v. The Republic of Argentina*, 09 Civ. 8757, 09 Civ. 10620; *Aurelius Opportunities Fund II, et al. v. The Republic of Argentina*, 10 Civ. 1602, 10 Civ. 3507, 10 Civ. 3970, 10 Civ. 8339 ; *Blue Angel Capital I LLC v. The Republic of Argentina*, 10 Civ. 4101, 10 Civ. 4782; *Olifant Fund, Ltd. v The Republic of Argentina*, 10 Civ. 9587; *Varela, et al. v. The Republic of Argentina*, 10 Civ. 5338.

15384630.3.LITIGATION

US  Austin  Boston  Charlotte  Hartford  Los Angeles  New York  Orange County  Philadelphia  Princeton  San Francisco  Silicon Valley
Washington DC    EUROPE  Brussels  Dublin  Frankfurt  London  Luxembourg  Moscow  Munich  Paris    ASIA  Beijing  Hong Kong


**Dechert**
LLP

The Honorable Thomas P. Griesa
October 8, 2014
Page 2

Therefore, the plaintiffs in the actions listed on Exhibit A are planning to file two sets of motions for pari passu injunctions with respect to bonds governed by the same agreement that governs NML's bonds.[2]

(1)   One set of motions for pari passu relief will be brought by SDNY Plaintiffs with money judgments against The Republic (identified in Exhibit A (1). They have or will first file new complaints that seek specific performance of the pari passu provision, and they will then file a "consolidated" motion for summary judgment, supported by a single supporting brief.

(2)   Another set of motions for pari passu relief will be brought by SDNY Plaintiffs who do not yet have money judgments. They will move to amend their complaints to add a count seeking pari passu relief (identified in Exhibit A(2), or have already filed complaints seeking money judgments and pari passu relief (identified in Exhibit A(3). There are also a number of bondholders who have not yet commenced actions on their bonds. They intend to file complaints seeking a money judgment and pari passu relief. All of those described in this paragraph will then file a "consolidated" motion for summary judgment on the pari passu claim, supported by a single supporting brief.



In addition to the contemplated motions described above, there are also presently pending before Your Honor two motions seeking pari passu relief. Those motions are described in Exhibit B. Counsel for the plaintiffs in the first listed group of cases (Proskauer Rose LLP) has authorized me to inform the Court that they would like the resolution of their pending motion to be coordinated with the proceedings described above. With respect to the other pending pari passu motion listed on Exhibit B (in the Dussault action – 06 Civ. 13085), we respectfully request that resolution of that motion also be coordinated with the contemplated proceedings described above. The relief sought, and the opposition presented by Argentina, in that proceeding and in those

---

[2]   Because some of the SDNY Plaintiffs hold bonds governed by agreements other than the 1994 Fiscal Agency Agreement ("the 1994 FAA") - the agreement that contains the pari passu provision the Court ruled on, and the Second Circuit affirmed - and because the wording of the pari passu clause in those other agreements is, in some instances, not precisely the same as that in the 1994 FAA, it is anticipated there may be separate summary judgment motions for pari passu relief filed in actions brought with respect to bonds issued under those other agreements. The plaintiffs in those actions will attempt to coordinate their filings with plaintiffs whose bonds are governed by the 1994 FAA so as to minimize the burden on the Court.



The Honorable Thomas P. Griesa
October 8, 2014
Page 3

described in paragraphs (1) and (2), above, will have considerable overlap. Resolving all of the follow-on pari passu relief requests based on briefing from all interested parties, in coordinated proceedings, will benefit all parties and ease the burden on the Court.

It is the hope of those joining in this letter that, by proceeding as proposed, all of the pending and forthcoming motions for pari passu relief can be presented and considered in an expeditious and orderly fashion. Such coordination will also assist the Special Master as he continues his valuable efforts to help the parties reach a resolution of these protracted matters.

Respectfully submitted,

Robert A. Cohen

cc: (via email)
Carmine D. Boccuzzi, Esq.
Jonathan I. Blackman, Esq.
Counsel for the plaintiffs in the actions listed on Exhibits A and B
Daniel A. Pollack, Esq. - Special Master

## EXHIBIT A

**(1)   Plaintiffs with Money Judgments Who Will File (Or Have Filed) New Complaints Seeking Specific Performance of the Pari Passu Provision**

*Marcotecnic Corp.* (02 Civ. 5932)
*EM Ltd.* (03 Civ.2507)
*Franco* (03 Civ. 9537)
*Panamel* (03 Civ. 9537)
*Latinburg, S.A.* (03 Civ. 8528)
*Fontana* (03 Civ. 8531)
*NML Capital, Ltd.* (03 Civ. 8845; 05 Civ. 2434; 06 Civ. 6466; 07 Civ. 2690; and 08 Civ. 3302)
*Million Air* (04 Civ. 1048)
*FFI Fund, Ltd.and FYI Ltd.* (05 Civ. 3328)
*Meridian Inv. & Bus. Corp.* (05 Civ. 5197)
*GMO Emerging Country Debt L.P* (05 Civ. 10380)
*GMO Emerging Country Debt Inv. Fund PLC* (05 Civ. 10382)
*GMO Emerging Country Debt Fund* (05 Civ. 10383)
*Fazzolari* (05 Civ. 9072)
*Strugo* (05 Civ. 4149)
*Arrigoni* (05 Civ. 2275)
*Bechara* (05 Civ. 3825)
*Bonvecchi* (05 Civ. 2159)
*Wagner et al.* (06 Civ. 1091)
*Settin* (06 Civ. 3068)
*Alzugaray* (06 Civ. 3976)
*Blue Angel Capital I LLC* (07 Civ. 2693)
*Aurelius Capital Partners LP* and *Aurelius Capital Master, Ltd.* (07 Civ. 2715 and 07 Civ. 11327)
*Fernandez* (07 Civ. 7351)
*Andrarex* (07 Civ. 5593)
*Want Fund, Ltd.* (10 Civ. 9581)
*Tenner* (12 Civ. 9364)
*Cordoba Capital* (14 Civ. 7164)*
*Wilton Capital, Ltd.* (14 Civ. 7166)*
*Los Angeles Capital* (14 Civ. 7169)*
*Montreux Partners, L.P.* (14 Civ. 7171)*
*Capital Ventures Int'l* (14 Civ. 7258)*
*Adami* (14 Civ. 7739)*

**(2)   Actions in which the Plaintiffs Do Not Yet Have Money Judgments and in which They Will Move to Amend the Complaint to Add a Count Seeking Pari Passu Relief**

*Forgione* (06 Civ. 15171)
*Barboni* (06 Civ. 15297)
*Hillside Ltd.* (07 Civ. 6231)
*NML Capital, Ltd.* (07 Civ. 1910; 07 Civ. 2541; and 07 Civ. 6563)

---

\* New actions seeking pari passu relief.

(3)   **Newly Filed Complaints Seeking Money Judgments and Pari Passu Relief**

*Tortus Capital Funds L.P.* (13 Civ. 8595; 14 Civ. 3127 and 14 Civ. 1109)
*Pons* (13 Civ. 8887)
*Yellow Crane Holdings, LLC* (14 Civ. 5675)
*Attestor Master Value Fund L.P.* (14 Civ. 5849)
*Beloqui* (14 Civ. 5963)

## EXHIBIT B

### The Pending Pari Passu-Related Proceedings

A.  Seijas, et al. v. The Republic of Argentina – 04 Civ. 400 and 401
    Castro, et al. v. The Republic of Argentina – 04 Civ. 506
    Hickory Securities Ltd. v. The Republic of Argentina – 04 Civ. 936
    Azza, et al. v. The Republic of Argentina – 04 Civ. 937 and 1085
    Puricelli v. The Republic of Argentina – 04 Civ. 2117
    Chorny v. The Republic of Argentina – 04 Civ. 2118

**Status:   Motion for a preliminary injunction substantially identical to that granted in the actions listed in footnote 1 pending.**

B.  Dussault v. The Republic of Argentina – 06 Civ. 13085

**Status:   Motion for a permanent injunction based on the pari passu provision pending.**