

DIAZ, REUS & TARG, LLP
MIAMI OFFICE
100 S.E. Second Street
Suite 3400
Miami, Florida 33131-USA

Tel: (305) 375-9220
Fax: (305) 375-8050
www.diazreus.com

December 16, 2015

**By ECF**

Honorable Thomas P. Griesa
United States Courthouse
Southern District of New Yorksa
500 Pearl Street
New York, NY 10007

Re: *Seijas, et al. v. The Republic of Argentina*
 **04cv400; 04cv401; 04cv506; 04cv936; 04cv937; 04cv1085; 04cv2117; 04cv2118**

Dear Judge Griesa:

We write in response to Argentina's December 14, 2015 letter.

First, we apologize that the Plaintiffs' proposed Request for Proof of Claims was not filed precisely by the noon deadline on December 10, 2015. It was filed by 1:30 p.m. due to an unexpected delay at my office. We hope the short delay did not inconvenience the Court or Argentina.

Second, the parties did correspond on proposed forms and methods to distribute the Request for Proof of Claim. Argentina said that it preferred the Brecher form over our form, although it did not specify why. We did not agree to submit a form that has been discussed or negotiated between Argentina's counsel and counsel for different plaintiffs than ours as we did not view the form as appropriate for use with the Classes we represent. Notably, we informed Argentina that we would propose our form. Argentina submitted no proposal of its own in our cases.

Third, we continue to believe our form is much more straightforward and more likely to actually yield useful information as the Court intended. We will, however, agree to certain revisions that Argentina now suggests (but had not previously suggested). Specifically:

- We will add a deadline for the forms to be emailed or mailed by February 29, 2016. *See* revised Request for Proof of Claims, attached.

- Although our form did, in fact, ask holders to confirm what bonds they held at the start of the class holding period and still hold today---i.e., continuous holdings---

Judge Griesa
December 16, 2015
Page 2 of 3

        we have made that point even clearer in the attached, revised form. We also have added a request for holders to send documentation showing their continuous holdings (which may assist the Court in reasonably estimating class damages, but is not a prerequisite to doing so).

- Although we do not believe it is necessary, we also have adjusted the form to instruct that opt outs and those in other litigations should not submit a form. (Any forms received can be easily cross-checked against opt out notices and lists already in existence in any event.)

Argentina also objects to doing anything to implement the Request for Proof of Claims process that the Court has directed. Argentina has no basis for its objections.

The Court obviously has concluded that a Proof of Claim process is an appropriate way to supplement the parties' discovery requests and that Proofs of Claim will assist <u>the Court</u> in its assessing class damages. Having Argentina disseminate the Request for Proof of Claims through channels that it already uses to communicate with bondholders and about these hold-out cases will help ensure that the Proof of Claim process accomplishes the Court's desired goal--- gathering as much information as possible about the volume of continuous holdings before the evidentiary hearing on class damages because it will reach more Class members in this fashion.

Having Argentina help distribute the Court-ordered Request in no way shifts the burden of proof with respect to damages (plaintiffs retain their burden). Nor does not it impinge on any First Amendment rights to order a party to a proceeding to publish a Court-ordered document. Plaintiffs cited the ample case law allowing the Court to shift some or all of the costs of class notice to the defendants as an illustration of the discretion the Court has in this area. And, of course, Plaintiffs themselves are also undertaking to distribute the Request, so Argentina cannot be heard to complain that it is somehow forced to foot the entire bill or burden.

As to the specific objections Argentina raises:

- Argentina suggests that Plaintiffs can submit the Request for Proof of Claim to DTC and Euroclear on their own. Arg. Ltr. at 4. But it cites only the rules for DTC (not Euroclear), and even those rules state that only "agents, issuers, or courts" can provide legal notice. Plaintiffs are not "agents, issuers, or [a] court" and, therefore, cannot provide legal notice through DTC. However, if the Request for Proof of Claims is <u>ordered</u> published on DTC by the Court---like the 2011Class Notice in *Brecher*, we believe DTC will accept the Request for publication. It is not clear whether that will also be sufficient to publish through Euroclear, however. The same is true of Caja de Valores. We therefore respectfully request that Argentina be ordered to provide whatever authorizations DTC, Caja de Valores or Euroclear may require to clear away any bureaucratic issues with publication through those legal notice mechanisms. In short, if Plaintiffs can get DTC, Caja de Valores and Euroclear to publish the Court-ordered Request without Argentina's help, so be it. But if Argentina needs to

       make a request or provide some authorization or other form for publication, Argentina should be directed to do so.

- Argentina claims that the notice mechanisms it used for its exchange offers to these same bondholders were "costly," but does not give any sense of what the cost would be and whether it would be proportionate to the potentially hundreds of millions of dollars in class damages (inclusive of interest) at stake here. Nonetheless, we are not trying to needlessly duplicate notice processes. If Argentina is ordered to assist with publication through DTC, Caja de Valores and Euroclear, we will withdraw the request for additional publication.

- Argentina also objects to posting the Request for Proof of Claims on its own website (where it routinely posts other information about the bonds and these lawsuits). Again, the Court has discretion to require Argentina to do so (and similar class litigation notices are routinely order posted on bulletin boards, walls, and machinery of class action defendants). However, Plaintiffs are willing withdraw this request so that the Proof of Claim process is not further delayed.

                Respectfully submitted,

                Marta Colomar-Garcia

cc by email:   Carmine Boccuzzi
                    Saul Roffe
                    Jennifer Scullion

      Encl.